## CICCARELLI v. NAUGHTON CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1909.)

1. APPEAL AND ERROR (§ 927*)—REVIEW OF JUDGMENT OF NONSUIT.

    Plaintiff, on appeal from a judgment of nonsuit at the close of his case, is entitled to the most favorable inferences from his evidence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. MASTER AND SERVANT (§ 124*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

    Where there was no evidence of the master's negligence, except the inference from the fact that a servant was injured by the fall of the boom of a derrick, due to a failure of a ratchet dog to perform its functions, and the evidence showed that the appliances were inspected before the work began, and after the accident, after the work had proceeded for an hour, without finding any defect therein, there was a failure as a matter of law to show actionable negligence.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 124.*]

Appeal from Trial Term, Queens County.

Action by Angelo Ciccarelli against the Naughton Company and another.   From a judgment dismissing the complaint at the close of the evidence of plaintiff, he appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

Antonio Ferme, for appellant.

John R. Halsey, for respondents.

WOODWARD, J.   We have to do with a judgment of nonsuit, and it is not to be doubted that the plaintiff is entitled to the most favorable inferences from his evidence; but the trouble is that the evidence does not warrant the submission of the case to the jury.   This is a common-law action for personal injuries; the plaintiff having been injured by the fall of a boom of a derrick used in excavating for the Pennsylvania Railroad tunnel in Long Island City.   The accident appears to have been due to the failure of a rachet dog to perform its function; but the undisputed evidence is that the ratchet dog and all of the appliances of the derrick were inspected before the work began, and that after the work had proceeded for an hour, and after the happening of the accident, no defects in the appliances were discovered.   The place where the plaintiff was at work appears to have been as safe as the nature of the work would permit.   No suggestion is made that it was not properly lighted, or that the defendant had neglected any of the usual precautions.   Indeed, except for the fact that the plaintiff was injured by the fall of the boom, no evidence is produced to show negligence on the part of the defendant of any duty owed to the plaintiff.

The judgment appealed from should be affirmed, with costs.   All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes